kaw

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **FAITH SUMP AND ROLLIN E. SUMP,** | ) ) ) |
| **Plaintiffs,** | ) ) |
| vs. | ) Case No. 08-4038-JAR ) |
| **CLAY COUNTY, KANSAS, STATE OF KANSAS,** | ) ) ) |
| **Defendants,** | ) ) |

## MEMORANDUM AND ORDER

Plaintiff Faith Sump was charged in Clay County District Court on February 1, 2008, with falsely reporting a crime, misdemeanor battery, and criminal trespass; and plaintiff Rollin Sump was charged with criminal trespass. Before the Court is defendant Clay County, Kansas's Motion to Remand (Doc. 6).

Pursuant to 28 U.S.C. § 1446(c)(4), the district court may summarily remand a criminal case where it clearly appears on the face of the notice and exhibits attached that removal should not be permitted. Criminal actions brought in state court are removable to federal court in only a number of specific circumstances. The relevant statute provides that:

> Any . . . criminal prosecutions, commenced in State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law

>   providing for equal rights, or for refusing to do any act on the
>   ground that it would be inconsistent with such law.[1]

Section 1443 permits removal "only when the defendant can claim rights under a law providing for specific civil rights in terms of racial equality."[2]  In *Johnson v. Mississippi*,[3] the Supreme Court established a two-part test for removal under § 1443.[4]  "'First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'"[5]  "Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of (the) State.'"[6] A claim that the prosecution and conviction will violate a right under some general applicable constitutional or statutory right not protecting against racial discrimination is insufficient for removal.[7]

On Sumps' petition, the Court cannot find any grounds meeting the standards expressed by the Supreme Court.  The Sumps do not make any allegations concerning discrimination based on race nor do they point specifically to any right being violated.  Accordingly, the motion to remand is granted.  The Court further states that any grounds on which the Sumps have not plead

---

[1] 28 U.S.C. § 1443.

[2] *New Mexico v. Torres*, 461 F.2d 342, 343 (10th Cir. 1972).

[3] 421 U.S. 213 (1975).

[4] *Id.* at 219.

[5] *Id.* (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)).

[6] *Id.* (quoting *Georgia*, 384 U.S. at 792); *Colorado v. Lopez*, 919 F.2d 131, 132 (10th Cir. 1990).

[7] *Colorado*, 919 F.2d at 132.

cannot be relied on for a subsequent removal request.[8]

**IT IS THEREFORE ORDERED THAT** Defendant Clay County, Kansas's Motion to Remand (Doc. 6) is granted. The Clerk of the Court is ordered to remand this action to the Clay County District Court.

**IT IS SO ORDERED.**

Dated this 30th day of September 2008.

   S/ Julie A. Robinson
**Julie A. Robinson**
**United States District Judge**

---

[8] *See* 28 U.S.C. § 1446(c)(2) (explaining that "a failure to state grounds which exist at the time of the filing of the notice shall constitute a waiver of such grounds, and a second notice may be filed only on grounds not existing at the time of the original notice.").